**E-FILED**
Monday, 12 September, 2005  11:53:53 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| ROBERT O. IDAHOSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.   05-CV-1159 |
| | ) | |
| CREVE COEUR POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:**

Before the Court is Defendants' Motion for Enlargement of Time to Answer or Otherwise Plead [10] filed August 5, 2005, *pro se* Plaintiff's Motion for Default Judgment as to all Defendants [11] filed August 10, 2005, Defendants' Motion for Leave to File Answer and Affirmative Defense [13] filed September 1, 2005, and Defendants' Response to *pro se* Plaintiff's Motion for Default Judgment [14] filed September 1, 2005.  The Court is proceeding with a Report and Recommendation as *pro se* Plaintiff's Motion for Default Judgment [11] is dispositive in nature.

BACKGROUND

On May 25, 2005, the Complaint [3] was filed herein.  Various summons were issued and served on July 11, 2005.  The court docketing system

indicated that answers from all Defendants were due August 1, 2005.  See

docket entries [4], [5], [6], and [7].   August 1, 2005 was a Monday.  On Friday,

August 5, 2005, the Defendants filed an Entry of Appearance [8] and a Motion

for Enlargement of Time [10].  On August 8, 2005, this Court initially granted

Defendants' Motion for Enlargement of Time and directed that answers be filed

on or before September 2, 2005.  See Text Order of August 8, 2005.

Thereafter, the *pro se* Plaintiff filed his Response and Opposition to

Defendants' Motion for Enlargement of Time [12] and contemporaneously

therewith filed a Motion for Default Judgment as to all Defendants [11].

Thereafter, the Court vacated the grant of extension of time to Defendants and

directed Defendants to respond to Plaintiff's Motion for Default Judgment.

Defendants have now fulfilled that requirement and filed their Response [14].

Defendants' Response indicates that Defendants have now appeared and

are defending the case.  Therefore, default isn't proper under Rule 55(a).

Defendants argue they are entitled to have the case decided on the merits, and

since they appeared and filed their Motion for Enlargement of Time to Answer

before Plaintiff sought default, default should not be granted.  (Citing cases)

Defendants note that *pro se* Plaintiff's underlying Complaint alleges a civil rights

violation based upon race.  Defendants note that the underlying vehicle stop

and citation was for speeding and that race was not a factor.  Defendants

additionally argue that the matter was not assigned to defense counsel until August 4, 2005, and that their appearance and Motion for Enlargement of Time was filed one day later.  Defendants are basically saying that there was an administrative delay in getting the summons and complaints from the person served to the necessary people at the Village, then to the insurer, and finally to counsel.  Defendants argue the brief delay between the due date and the appearance does not warrant the entry of default judgment.  The *pro se* Plaintiff asks the Court to hold the Defendants to the time limits set forth in the Federal Rules of Civil Procedure.

ANALYSIS

The Seventh Circuit has long held that the decision to enter default lies within the District Court's discretion.  O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir., 1993).  Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing.  C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir., 1984).  Herein, default has not been entered, merely a motion for entry of default judgment has been filed.  Defendants are ready to file their answer and affirmative defense at this time.  The Defendants' failure to file a responsive pleading by August 1, 2005

has caused only a minimal delay herein.  The Court does not see prejudice to the Plaintiff in allowing this case to be litigated on its merits.

Herein, if default had been entered, the Defendants under these facts would have grounds to move to vacate default under Rule 60(b) as they have shown good cause for the default, quick action to correct it, and a meritorious defense.  See Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir., 1991).

CONCLUSION

UNDER THESE FACTS, IT IS RESPECTFULLY RECOMMENDED that *pro se* Plaintiff's Motion for Default Judgment [11] be DENIED.  That Defendant's Motion for Leave to File Answer and Affirmative Defenses [13] be ALLOWED, and that the Clerk be directed to file *instanter* Defendants' Answer and Affirmative Defenses attached to docket entry [13].   Further, that Defendants' Motion for Enlargement of Time to Answer or Otherwise Plead [10] be DENIED as moot.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten (10) working days after service of this Report and Recommendation.  Fed. R. Civ. P. 72(b);  28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver

of objections on appeal.  <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538 (7th Cir. 1986).  See also Local Rule 72.2.

ENTERED this 12th day of September, 2005.

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE