**E-FILED**
Friday, 09 February, 2007  02:07:30 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT O. IDAHOSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-1159 |
| | ) | |
| CREVE COEUR POLICE DEPARTMENT, | ) | |
| VILLAGE OF CREVE COEUR, and | ) | |
| BRIAN K. DESPINES, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before this Court are the Motion to Strike the Motion for Summary Judgment filed by the plaintiff, Robert O. Idahosa, on December 21, 2006 [Doc. 31] and the Motion to Supplement filed by the defendants, Creve Coeur Police Department, Village of Creve Coeur, and Brian K. Despines, on February 6, 2007 [Doc. 36].  For the reasons that follow, the motion to strike is DENIED and the motion to supplement is GRANTED.

### Background

On November 15, 2006, the defendants filed a motion for summary judgment to which the plaintiff responded by filing, in part, the pending motion to strike.  In the motion to strike the plaintiff asserts that the defendants failed to respond to various discovery requests that he served in the first week of April, 2006.  For this failure to respond to written discovery, the plaintiff urges the Court to strike the defendants' motion for summary judgment.

The defendants indicate, in their motion to supplement,[1] that they have no recollection of receiving any discovery requests from the plaintiff.  However, after a recent search of defense counsel's office, the undated discovery requests, which include interrogatories and requests to produce, were located. The defendants state that the plaintiff has neither contacted them to request discovery responses nor filed any motion to compel responses.

## Discussion

In the plaintiff's motion, he seeks an order compelling the defendants to respond to the discovery requests and an order sanctioning (by striking the motion for summary judgment) the defendants for failing to timely respond.  Discovery in this matter is governed by the scheduling order entered by Magistrate Judge Byron G. Cudmore on the February 22, 2006 [Doc. 23].  That order set forth a discovery deadline of July 1, 2006.  The order also specifically stated that the parties must meet and confer, pursuant to Federal Rule of Civil Procedure 37(a), regarding any discovery dispute and that any motion to compel must be filed prior to the discovery deadline with a certification that the parties did meet in an attempt to resolve the dispute.  The order finally stated that any motions filed after the discovery deadline, or any motion without the necessary certification, will

---

[1]  This motion to supplement appears to be a response to the motion to strike as oppose to a document supplementing the arguments made in the defendants' motion for summary judgment.

2

not be considered.

The plaintiff's motion to compel is both untimely and insufficient.  There is no indication why the plaintiff waited until December 21, 2006 to seek an order compelling the defendants to respond to discovery requests that were served in April, 2006.  There also is no certification that the parties attempted to resolve this dispute prior to bringing this matter to the attention of the court.  Finally, the plaintiff has not shown good cause why he failed to timely seek discovery.  A mere statement that the defendants have failed to respond to discovery requests is an insufficient showing of good cause.  For these reasons, the plaintiff's prayer for an order compelling responses must be denied.  Consequently, the prayer for an order striking the defendants' motion for summary judgment also must be denied.[2]

Entered this ___9th___ day of February, 2007.

_____s/ Joe B. McDade_____
JOE BILLY McDADE
United States District Judge

---

[2] To the extent that the plaintiff's motion to strike can be deemed a Rule 56(f) motion for additional discovery, the motion still must be denied as the plaintiff has failed to attach an affidavit consistent with the Rule.